S. J. MOTES, *Appellant,* vs. P. M. HAGAN, as Sheriff, *Appellee.*

En Banc.

Opinion filed February 26, 1931.

*Hilburn & Merryday,* for Appellant;

*Gaines & Futch,* for Appellee.

PER CURIAM.—The appellant filed suit to enjoin the sheriff from seizing and selling certain live stock which had been impounded under the provisions of Chapter 13,-330 Specials Acts of 1927. The complainant alleged that the Act under which the live stock had been seized and under which the same would be sold was unconstitutional and void amongst other things, because of being in conflict with the provisions of the Fourteenth Amendment to the Federal Constitution.

A temporary restraining order was granted.

Thereafter, the cause came on for final hearing upon the bill of complaint and the answer and thereupon injunction was denied, the temporary restraining order was dissolved and the bill dismissed.

A motion for rehearing was denied.

Appeal was taken.

Section 11 of Chapter 13,330, supra, contains the following provision:

"Providing, however, that this Act is subject to the condition that no cattle which may stray into Putnam County from any adjoining county shall be seized or impounded, under the provisions of this Act, until Putnam County shall have constructed a legal cattle fence sufficient to prevent the intrusion of cattle, along the entire boundary line separating Putnam County and such adjoining counties, except that no boundary line fence shall be required between Putnam County and any territory or any adjoining county in which live stock is prohibited by law from running at large, or along any portion of the boundary line of said Putnam County which consists of a stream of water sufficient in size or depth to prevent the crossing of cattle into such Putnam County from any adjoining county where stock is legally permitted to run at large. All cattle straying into Putnam County from adjoining territory where live stock is legally permitted to run at large shall be driven back out of said County."

This provision is for all intents and purposes the same as contained in section 8 of Chapter 13065, Acts of 1927, which was involved in the case of Teuton vs. Thomas, as sheriff of Marion County, filed June 24, 1930, and, therefore, the opinion in that case will control in the instant case.

The decree appealed from should be reversed on authority of the opinion in the case of Teuton vs. Thomas, supra, and it is so ordered.

Reversed.

WHITFIELD, P.J., AND TERRELL AND BUFORD, J.J., concur.

STRUM, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.